**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ADOLPH MICHELIN, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:23-cv-22 |
| | ) | |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| LEONARD ODDO, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

On August 8, 2023, the Court issued an order granting in part Petitioner Adolph Michelin's

counseled First Amended Petition for a Writ of Habeas Corpus. (ECF 4.) Before the Court is

Respondents' timely motion for reconsideration, which they have filed pursuant to Federal Rule of

Civil Procedure 59(e). (ECF 18.) Petitioner filed a brief opposing the motion (ECF 20) and

Respondents have filed a reply (ECF 23.)

I.     **Discussion**

The standard for obtaining relief under Rule 59(e) is difficult for a party to meet. It is not to

be used to reargue matters already argued and disposed of or as an attempt to relitigate a point of

disagreement between the Court and the litigant. The Court of Appeals for the Third Circuit has

explained:

> The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010). "Accordingly, a judgment may be altered or amended [only] if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued the challenged decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (quotation marks omitted)[.]

*Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (first bracketed text added by the court of appeals).

Respondents do not assert any intervening change in the controlling law or the availability of previously unavailable evidence. They rely on the third factor listed above, but none of the arguments they make in their motion establish the requisite "clear error of law or fact" or the need to prevent a "manifest injustice" that would justify reconsideration of the decision the Court has issued in this case.

In the First Amended Petition, Petitioner argued that his prolonged detention (now more than 19 months) under 8 U.S.C. § 1231(a)(6) without a bond hearing violates his right to due process. He contended that given the Supreme Court's recent decision in *Johnson v. Arteaga-Martinez*, — U.S. —, 142 S. Ct. 1827 (2022), there is ambiguity as to the proper framework to analyze such as-applied due process challenges for individuals in his circumstance. Petitioner maintained that he was entitled to habeas relief under *Zadvydas v. Davis*, 533 U.S. 678 (2001) because his removal is not reasonably foreseeable.[1] But Petitioner expected that Respondents would

---

[1] As the Court explained in its August 8, 2023 Memorandum, the *Zadvydas* Court outlined the due process concerns that would be implicated by a statute permitting indefinite detention. 533 U.S. at 690-96. Invoking the canon of constitutional avoidance so that it did not have to decide whether § 1231(a)(6) violated the Fifth Amendment's Due Process Clause, the Supreme Court interpreted the statute to contain an implicit temporal limit. It held that the statute, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id.* at 689.

The *Zadvydas* Court held that post-removal detention for six months is "presumptively reasonable." *Id.* at 701. Beyond six months, if removal is no longer reasonably foreseeable, continued detention is no longer authorized under § 1231(a)(6). At that point, the Supreme Court explained, a noncitizen could bring a claim in a federal habeas petition asserting that ICE no longer has the *statutory authority* for continued detention. *Id.* at 700-01. In such a proceeding, the Supreme Court instructed, the noncitizen must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701. If the noncitizen does so, the burden would then shift to the government to produce "evidence sufficient to rebut that showing." *Id.*

argue that his detention is authorized under § 1231(a)(6) and *Zadvydas* because the government was prepared to remove him in March 2022 and the only reason it did not do so was because he moved for an emergency stay of removal (which the BIA granted) and to reopen his immigration case (which now has been pending before the BIA for more than 17 months). Petitioner thus argued in the alternative that the proper framework in which to evaluate his as-applied due process claim was that which is set forth by the Court of Appeals in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020).

As anticipated, Respondents asserted in their response (ECF 8) that Petitioner could not show that his removal was not reasonably foreseeable because it has a logical end point (the conclusion of the litigation of his immigration proceeding). In support, Respondents cited many unpublished decisions where the court held that removal *is* reasonably foreseeable in cases such as this one, where (at least at present) only pending litigation initiated by the noncitizen is blocking his or her removal. Respondents did not address Petitioner's alternative argument that *German Santos* provided the framework to evaluate his claim.

In deciding the First Amended Petition, the Court agreed with Petitioner that, given Respondents' position that his continued detention is authorized under § 1231(a)(6) because his circumstance is distinguishable from the petitioners in *Zadvydas* (whom the government could not remove because no country would accept them), the *German Santos* framework applied to evaluate his as-applied due process claim. The Court then applied that framework to the uncontested evidence and held that Petitioner's prolonged detention without a bond hearing before a neutral arbiter was unreasonable and thus violated his due process rights.

In their motion for reconsideration, Respondents address for the first time Petitioner's argument that the *German Santos* factors provide the framework to evaluate his as-applied due

process claim. A motion for reconsideration, however, is not to be used as a way to advance additional arguments that the litigant could have made, but chose not to make, sooner, or as an opportunity for a litigant, having lost, to change theories of the case. *See, e.g.*, *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC DNV Energy, LLC*, No. 2:15-cv-50, 2017 WL 2985432, at *4 (W.D. Pa. July 13, 2017). Motions for reconsideration may not "attempt…a second bite at the apple." *Id.*

In any event, the Court is not persuaded by Respondents' argument that, after the Supreme Court's 2022 decision in *Arteaga-Martinez*, there is no ambiguity in the governing law on the proper framework to evaluate Petitioner's as-applied due process claim. In *Arteaga-Martinez*, the parties disagreed on whether the rule of *Zadvydas* applied to noncitizens who, like Petitioner, are being detained under § 1231(a)(6) pending a proceeding. The Supreme Court declined to reach that claim in the first instance.[2] *Arteaga-Martinez*, 142 S. Ct. 1834. It also left open the question of how to evaluate the type of as-applied due process presented by the Petitioner in this case. The Supreme Court explained "[t]he courts below did not reach Arteaga-Martinez's constitutional claims… We leave them for the lower courts to consider in the first instance." *Id.* at 1835.

Notably, during oral argument in *Arteaga-Martinez*, Justice Barrett asked the government's counsel:

> But what if [the noncitizen's detention pending a proceeding] doesn't have a reasonably foreseeable conclusion?... [W]hat if the withholding of removal proceedings continue to drag on and on and on or, you know, in *Zadvydas*, there was no country willing to take [the noncitizen], but…he was removable. Are you arguing that the *Zadvydas* right is particular only to that situation, or would you concede that there's some point at which, when someone is held in removal proceedings and has,

---

[2]As Respondents point out, courts that have considered the issue have held (although in unpublished opinions) that the *Zadvydas* rule does not apply when the noncitizen is being detained pending a proceeding. However, neither the Supreme Court nor the Third Circuit Court of Appeals (or, it appears, any other court of appeals in a published decision) has definitively decided the issue.

you know, sought withholding of removal, that at some point a *Zadvydas*-type determination must be made?

Tr. of Oral Arg. in *Arteaga-Martinez*, 1/11/2022, at 16. The government's counsel responded:

> Our position is that *Zadvydas* is limited to that first situation where it's just open-ended detention. *Zadvydas* does not apply to detention pending a proceeding. I think *Demore* [*v. Kim*, 538 U.S. 510 (2003)] makes that pretty clear… But we would acknowledge the possibility of an as-applied constitutional challenge in extreme circumstances. *So, if the government were seeking continuances, if the government were responsible for the delay, there would be a host of factors that a court…could potentially consider, and the lower courts are actively considering these kinds of claims. We would acknowledge that might be permissible.*

*Id.* at 16-17 (emphasis added). The type of multi-factor test referenced by the government's counsel is exactly what *German Santos* instructs a habeas court to apply to the type of as-applied due process claim Petitioner brought in this case.

Here, Respondents contend on one hand that the *only* appropriate framework in which to analyze Petitioner's due process claim is the *Zadvydas* rule. They then argue on the other hand that Petitioner is not, and can never be, entitled to habeas relief on an as-applied due process challenge under *Zadvydas* because his detention is "[d]etention during a proceeding," which they argue "fundamentally differs from the detention in *Zadvydas*, which lasted indefinitely because not country was willing to accept the noncitizen." (ECF 18 at 6.)

Respondents cannot have it both ways under Third Circuit precedent. If, as Respondents maintain, Petitioner's detention is authorized under § 1231(a)(6) and *Zadvydas* because his removal is reasonably foreseeable, then the *German Santos* framework logically applies to his as-applied due process challenge. In *German Santos*, there was no question that the petitioner's detention was authorized by the statute at issue in that case (8 U.S.C. § 1226(c)), since that statute requires that the government detain certain criminal aliens pending their removal proceedings. The Court of Appeals nevertheless recognized that at a certain point detention, while statutorily authorized, becomes unreasonably prolonged without a bond hearing and thus unconstitutional as applied. To

determine whether that point has been reached, *German Santos* set forth a nonexhaustive list of factors for a habeas court to consider when assessing whether a noncitizen's detention has grown unreasonable such that the Due Process Clause demands a bond hearing.

That point has been reached in Petitioner's case for the reasons set forth in the Court's August 8, 2023 Memorandum. (ECF 16.) Thus, Petitioner is entitled to habeas relief on his as-applied due process claim in accordance with the procedures laid out in *German Santos* (a bond hearing at which the government must justify his continued detention by clear and convincing evidence).

Respondents ask that if the Court denies their motion for reconsideration, it should stay its order for 14 days to allow them time to consider an appeal. Petitioner opposes this request, stating that Respondents have had "ample time" to consider an appeal. He also notes that if Respondents do appeal, they can then move for a stay pending appeal. The Court will not stay its order granting Petitioner habeas relief for 14 days. However, given the novel and complex issues presented by this case, the Court will modify its previous order granting habeas relief (ECF 17) by providing an 14 additional days for Respondents to arrange for Petitioner to have a bond hearing before an immigration judge. If no bond hearing is held by September 22, 2023, the writ shall issue and Respondents must release Petitioner to supervised release.

**III.    Conclusion**

For the reasons set forth above, Respondents' Motion for Reconsideration (ECF 18) is DENIED except that the Court will provide Respondents with an additional 14 days within which to hold a bond hearing.

An appropriate Order follows.


Dated:  September 1, 2023                    BY THE COURT:


                                            /s/ Patricia L. Dodge
                                            PATRICIA L. DODGE
                                            United States Magistrate Judge